IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| MONICA GRAHAM FARMER | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-17-567 |
| | * |
| MACY'S, INC., and | * |
| MACY'S RETAIL HOLDINGS, INC., | |
| | * |
| Defendants. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This action is brought by Plaintiff Monica Farmer, a former employee of Defendants Macy's, Inc. and Macy's Retail Holdings, Inc. ("Macy's"). Farmer alleges mistreatment by Macy's management on the basis of race, age, and disability beginning in June 2015 and continuing until the termination of her employment at Macy's in November 2015.[1] Plaintiff filed a motion for entry of default and for default judgment. ECF Nos. 40, 41. Defendants have filed a Motion to Dismiss. ECF No. 44. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion to Dismiss, ECF No. 44, is granted and Plaintiff's Motions for Entry of Default and for Default Judgment, ECF Nos. 40, 41, are denied.[2]

**I.  BACKGROUND**

Plaintiff began working at Macy's in February 2011, and was promoted to Sales Supervisor in May 2011. ECF No. 39 ¶ 2. In June 2014, Macy's hired Sunny Ostrander as

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true.
[2] Because Plaintiff filed an Amended Complaint, any prior default is vacated. *See Brown v. Cox*, No. 11-cv-184, , 2012 WL 243233 at *1 (E.D. Va. 2012).

1

Plaintiff's new store manager. *Id*. ¶ 16. Plaintiff alleges that Ostrander immediately promised never to promote her and pushed her to take a severance package. *Id*. ¶¶ 17-19. Plaintiff was so upset by his behavior that she went to her doctor, who diagnosed her with "extremely high blood pressure." *Id* ¶ 20. The doctor advised Plaintiff to stay home from work, and she did so for six months. *Id*. ¶¶ 20-21. She returned to work in December 2014, and alleges that Ostrander continued his mistreatment of her, including texting her at home while she was off the clock and attempting to promote her to Sales Manager at another store. *Id*. ¶¶ 26, 28. He also required her to write an Action Plan within two hours of assigning it and then criticized it as poorly done, after which she drove herself to the hospital due to chest pain and was told she had experienced a heart attack. *Id*. ¶¶ 29-36, 39.

In April 2015, she returned from medical leave, and she alleges that Ostrander's mistreatment continued. Plaintiff alleged that she was the only "executive-in-charge" employee who was monitored with the store's video cameras, and that video of her work was shared with other managers. *Id*. ¶¶ 42-46. Plaintiff alleges that sharing this video was retaliatory and harassing. *Id*.

In June 2015, Plaintiff became trapped in a Macy's elevator that began swinging from side to side and going up and down, causing unspecified injuries. *Id*. ¶¶ 4-5. Plaintiff took medical leave until October 19, 2015, when Macy's informed her that her last medical leave extension request would not be granted. *Id*. ¶ 5. Plaintiff's doctor provided notes on August 26 and October 5 explaining that Plaintiff remained injured, but on November 5, 2015, Macy's terminated Plaintiff's employment. *Id*. ¶¶ 6-7.

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Ofice*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80.

## III. DISCUSSION

Plaintiff alleges four counts of discrimination under the Americans with Disabilities Act: discrimination based on actual disability, perceived disability, failure to accommodate, and retaliation. ECF No. 39 ¶¶ 62-76. Plaintiff also alleges age discrimination and retaliation under the Age Discrimination in Employment Act. *Id*. ¶¶ 77-88. Finally, Plaintiff alleges race discrimination, a hostile work environment, and retaliation under 42 U.S.C. § 1981. *Id*. ¶¶ 89-106. As an initial matter, Defendant alleges that Plaintiff's Title VII claims are barred by the

statute of limitations. ECF No. 44 at 3-4. Despite Plaintiff's two passing references to "activities protected by Title VII," *see* ECF No. 39 ¶¶ 84, 103, the Amended Complaint does not attempt to state any claims under Title VII. *See generally* 42 U.S.C. § 2000e. Therefore, the Court will only analyze Defendants' Motion to Dismiss Plaintiff's claims under the Americans with Disabilities Act.

The Americans with Disabilities Act of 1990 ("ADA") prohibits discrimination by employers against qualified individuals with a disability. 42 U.S.C. § 12112. The ADA bars both "disparate treatment because of an employee's disability" and "the failure to make 'reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.'" *Shin v. Univ. of Md. Med. Syst. Corp.*, 369 F. App'x 472, 479 (4th Cir. 2010) (quoting 42 U.S.C. § 12112(b)(5)(A)). The ADA also prohibits retaliation against any individual who has opposed any act of discrimination under the statute, or who has "made a charge, testified, assisted, or participated in any manner" in a proceeding under the statute. 42 U.S.C. § 12203.

For Counts I, II, and III of her complaint, Plaintiff must establish, as a threshold matter, that she is qualified for her job and that she either has an actual disability or is regarded as having one. *See* 42 U.S.C. § 12112; *Coursey v. Univ. of Md. E. Shore*, 577 F. App'x 167, 174 (4th Cir. 2014). A "qualified individual" under the ADA is someone "who, with or without reasonable accommodation, can perform the essential functions" of the job. *Id*. § 12111(8). A disability is defined as "'a physical or mental impairment' that 'substantially limits one or more of the major life activities of an individual,' and that includes a record of such an impairment." *Coursey*, 577 F. App'x at 174 (quoting *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 702-03 (4th Cir. 2001)). To demonstrate that she was regarded as disabled, Plaintiff is required to plead that

4

"(1) [Macy's] mistakenly believed that [she] had a physical or mental impairment that substantially limited one or more major life activities, or (2) [Macy's] mistakenly believed that an actual, nonlimiting impairment substantially limited [her] in one or more major life activities." *Id*.

Plaintiff has not established that she can, with or without reasonable accommodation, perform the essential functions of the job. Defendant granted Plaintiff medical leave from July 8, 2015 through November 1, 2015. ECF No. 10-2 at 2. From July 19, 2014 through October 19, 2015, Plaintiff only worked a total of fifteen weeks. *Id*. Plaintiff was requesting further leave "at least through December 15, 2015," and could not provide a certain date for her return. *Id*. Courts have consistently embraced the "commonsense conclusion" that, "in general, employees cannot perform their jobs successfully without meeting some threshold of both attendance and regularity." *Gibson v. Henderson*, 129 F. Supp. 2d 890, 898 (M.D.N.C. 2001) (citations omitted). It is well established that "[n]othing in the text of the reasonable accommodation provision requires an employer to wait an indefinite period for an accommodation to achieve its intended effect." *Myers v. Hose*, 50 F.3d 278, 283 (4th Cir. 1995). "Except in the unusual case where an employee can effectively perform all work-related duties at home, an employee who does not come to work cannot perform *any* of his job functions, essential or otherwise." *Tyndall v. Nat'l Educ. Ctrs, Inc. of Cal.*, 31 F.3d 209, 213 (4th Cir. 1994) (internal quotations omitted) (emphasis in original). Because Plaintiff's alleged disability kept her out of work for all but fifteen weeks of a fifteen-month period, she has not plausibly alleged that she is qualified to perform the essential functions of her job. Counts I, II, and III of the Amended Complaint are therefore dismissed.

Plaintiff also brings a claim of retaliation under the ADA. To state a claim for retaliation, "a plaintiff must show that: (1) she engaged in a protected activity; (2) her employer acted

5

adversely against her; and (3) her protected activity was causally connected to her employer's adverse action." *Rhoads v. F.D.I.C.*, 257 F.3d 373, 392 (4th Cir. 2001). A request for an accommodation is a protected activity under the ADA. *See Haulbrook*, 252 F.3d at 706. But because Defendants were justified in terminating Plaintiff's employment due to her failure to come to work for all but fifteen weeks of a fifteen-month period, Plaintiff has not plausibly alleged that her termination was causally related to her request for an accommodation. Therefore, Count IV of her Amended Complaint is dismissed.

## IV. CONCLUSION

Defendants' Motion to Dismiss Counts I, II, III, and IV of the Amended Complaint is granted. Plaintiff's Motions for Entry of Default and for Default Judgment, ECF Nos. 40, 41, are denied. A separate order shall issue.

Date: February 8, 2019 　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge